IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GERALD VAN LAAR                                              PLAINTIFF

       vs.              CASE No. 07-5224

AT&T f/k/a SOUTHWESTERN BELL
TELEPHONE L.P.                                               DEFENDANT

# O R D E R

NOW on this 29th day of July 2008, the above referenced matter comes on for consideration of both **Plaintiff's Motion for Partial Summary Judgment (document #6), Defendant's Motion for Summary Judgment (document #12),** and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

   1.   The plaintiff, Gerald Van Laar, brings this action under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Specifically, the plaintiff argues that:

   *    the actions of his co-workers from March 2005 through April 2006 constitute hostile environment age harassment under the ADEA; and,

   *    by tolerating a hostile environment, the defendant constructively discharged the plaintiff in violation of the ADEA.

   2.   The motions before the Court include:

   *    plaintiff's motion for partial summary judgment, in which he seeks summary judgment as to liability on both claims; and,

   *    defendant's motion for summary judgment, in which it asks that the Court grant it summary judgment dismissing plaintiff's complaint.

   3.   The Court is required to analyze a motion for summary

judgment in the light most favorable to the party opposing it and to give to that party the benefit of any reasonable inferences which flow from the evidence available.  Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000); F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).  Utilizing those exacting standards, summary judgments are seldom appropriate in employment discrimination cases.  Summary judgments should be sparingly used in employment discrimination cases and then only in those rare instances where there is no dispute of fact and where there exists only one conclusion.  All the evidence must point one way and be susceptible of no reasonable inferences sustaining the position of the non-moving party.  See Johnson v. Minnesota Historical Soc., 931 F.2d 1239, 1244 (8th Cir. 1991).

    4.  In light of the standards to be applied, and after a thorough review of the pleadings and other materials properly before the it, the Court concludes that unresolved disputes of material fact exist and that those disputes should be decided by a jury.  Accordingly, the Court deems it unnecessary to exhaustively review the proof marshaled by the parties at this point.  The instant motions will, therefore, be **denied.**

    **IT IS, THEREFORE, ORDERED** that:

    \*  **Plaintiff's Motion for Partial Summary Judgment (document #6)** should be, and it hereby is, **denied;** and,

    \*  **Defendant's Motion for Summary Judgment (document #12)** should be, and it hereby is, **denied.**

    **IT IS SO ORDERED.**

                                       /S/JIMM LARRY HENDREN
                                         JIMM LARRY HENDREN
                                         UNITED STATES DISTRICT JUDGE